UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - -X

MARON J. VACCARELLA,

                Plaintiff,    <u>ORDER</u>

   - against -              CV 2000-6262 (DLI)(MDG)

NEW YORK STATE, <u>et</u> <u>al</u>.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - -X

    A conference scheduled for November 1, 2005 was not held because plaintiff arrived long after counsel for defendants had been excused. In a letter to the Court faxed later in the day, Mr. Vaccarella apologized for his lateness and explained this was due to pain, dizziness, forgetfulness and other physical problems that he may have sustained from an automobile accident on September 7, 2005. He seeks a postponement or an adjournment of the conference or appointment of counsel.

## **<u>DISCUSSION</u>**

    Since the events leading to the defendant's motion are pertinent to this decision, I will first briefly recount them. Plaintiff originally sued various federal, state and city defendants challenging their conduct with respect to proceedings in the Queens Family Court regarding custody. At an initial conference on April 25, 2001, the plaintiff agreed to dismissal of the claims against the federal defendant. The city and state defendants then moved to dismiss. In a memorandum decision and

order dated March 3, 2004 (ct. Doc. 56), the Honorable Carol Bagley Amon dismissed all the claims in the action except for a claim against a "Jane Doe" clerk in the intake division of the Queens Family Court for denial of access to the courts. Id. at 16-18.

Following Judge Amon's directive to supervise discovery to identify the Jane Doe defendant, this Court held discovery conferences on June 25, 2004, July 5, 2004, August 6, 2004 and September 1, 2004.  Because a number of employees met the general description given by plaintiff, the defendant arranged for Mr. Vaccarella to view the photographs of these employees used on court identification badges.  Although plaintiff was able to narrow the number of employees, he was not able to identify with certainty the employee who is the subject of the remaining claim. Counsel for defendant and the Queens Family Court supervisors were understandably reluctant either to arrange for an in-person identification of the employees or to require that new photographs be taken only of certain employees.  Since counsel for the defendant had indicated she would eventually be filing a motion for summary judgment, this Court inquired whether the state would be willing to concede for purposes of such a motion that a "Jane Doe" clerk had indeed interacted with plaintiff and engaged in the conduct alleged.  The state defendant agreed to do so.

Notwithstanding this agreement, counsel for the state defendant has also argued in her motion papers that dismissal is warranted because plaintiff has not identified the "Jane Doe"

defendant. This Court had suggested that counsel move for summary judgment before the plaintiff had named the individual defendant, because there appeared to be significant legal impediments to the viability of plaintiff's claim against the unnamed defendant which had not been addressed by either side in the original motion to dismiss. It made little sense to engage in further and more awkward identification procedures if there were no basis for a claim. However, I also specifically noted that plaintiff's efforts to identify the employee should not halt even after the motion is made.

This Court scheduled the November 1, 2005 conference following several letters from Mr. Vaccarella contesting certain facts set forth in defendant's reply papers in support of their motion for summary judgment and a series of telephone calls to chambers. In a letter dated May 8, 2005, plaintiff sought leave to respond to defendant's reply, but requested until the end of the summer to submit his papers due to his father's ill health. In further letters dated May 30, 2005 and June 6, 2005, he detailed certain "improprieties" and "contradictions" in defendant's submissions and sought a conference. He later called chambers to advise that his father had passed away and that he needed time to wrap up his father's affairs.

The conference date and time was set after my secretary conferred with both Mr. Vaccarella and counsel for the state defendant on dates and times. I scheduled the conference primarily at Mr. Vaccarella's request, since he is pro se. Upon further review of the motion papers and Mr. Vaccarella's papers,

this Court does not find that a further conference would be productive.  This Court notes that a major concern raised by Mr. Vaccarella is his objection to defendant's portrayal of the events regarding his attempt to identify the Jane Doe defendant.  These efforts were discussed at several conferences, including one on March 10, 2005, held at plaintiff's request after moving papers had been served on him.

In any event, Mr. Vaccarella detailed in his letters his objections to the defendant's reply.  His letters will be docketed and will be part of the court record.  If he wishes to supplement these letters, his time to do so is extended to December 5, 2005.  Should he wish to incorporate any factual contentions or arguments set forth in the letters, Mr. Vaccarella may refer to those letters and need not rewrite the arguments in full.  His response may be <u>mailed</u> and he should do so by December 5, 2005.

While this Court is sympathetic to Mr. Vaccarella's current condition, it is time that the motion be fully submitted.  The moving papers were submitted in March and defendant's response served in late April.

The only issue remaining is Mr. Vaccarella's renewed request for appointment of counsel.  In an order dated June 14, 2004, this Court denied a prior request for counsel (ct. doc. 71), a ruling which Judge Amon upheld in denying plaintiff's request for reconsideration.  Ct. doc. 78.  Since all that is left at this juncture is for plaintiff to file a reply to defendant's response, this Court sees no reason to disturb the prior ruling.

This denial is without prejudice to a future application after determination of the motion for summary judgment.

**SO ORDERED.**

Dated:   Brooklyn, New York
         November 3, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE