```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MARON J. VACARELLA, pro se,                    :
                                               :
                    Plaintiff,                 :        **MEMORANDUM & ORDER**
              -against-                        :        00-CV-6262 (DLI)(MDG)
                                               :
NEW YORK STATE, NEW YORK CITY                  :
QUEENS FAMILY COURT (FAMILY COURT              :
OF QUEENS COUNTY), QUEENS SUPPORT              :
COLLECTION UNIT, JOHN DOE(S),                  :
JANE DOE(S), ET AL.,                           :
                                               :
                    Defendants.                :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

On October 19, 2000, Maron J. Vacarella, pro se, filed a complaint in this court alleging that defendant Jane Doe, an employee in the intake area of the Family Court in Queens County, violated his civil rights under 42 U.S.C. § 1983 by preventing him from filing a petition in that court in 2000 and thus denying him access to the courts.

Presently before the court is defendant's motion for summary judgment and plaintiff's cross motion for the same. Because plaintiff has failed to timely identify and serve defendant Jane Doe and because his claim lacks merit, defendant's motion for summary judgment is granted.

**Background**

The relevant facts were adequately summarized by U.S. District Judge Carol Bagley Amon in her prior decision dated March 3, 2004 and will be amplified below only to the extent necessary.[1]

---

[1] The court is mindful of the fact that Judge Amon's prior opinion ruled on defendants' motion to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6). As a result, all factual allegations in the complaint were taken as true. The present motion is one for summary judgment, which requires more than mere pleading of allegations which, if proved, would entitle plaintiff to judgment. Therefore, in passing on the present motion, the court will endeavor to determine not just what plaintiff has alleged, but what he can prove with credible admissible evidence. *See* FED. R. CIV. P. 56(e).

Plaintiff alleges that, sometime in 1996, defendant Jane Doe, an "unidentified person who is/was employed (in the years 1996–2000) in the intake area at the Queens County Family Court," prevented plaintiff from obtaining petition forms that would have allowed him to file a petition to modify or suspend a child support order. (Am. Compl. ¶¶ 2–3.) Although the complaint was filed on October 19, 2000, defendant Jane Doe's identity has never been established nor has she ever been served with the summons and complaint.

In essence, plaintiff alleges that Jane Doe told plaintiff that the "record showed [that] his 'Order to Show Cause' was dismissed by the Judge (Berman) in the early part of 1996 . . . [because] the judge decided that neither the Plaintiff Pro Se nor his baby's mother [Theresa Bulzone] lived in Queens." (*Id.* at ¶ 4[5].) Jane Doe also allegedly informed plaintiff that he could not file his petition "until the support order was transferred to a court in the county in which the mother lived" (*Id.* at ¶ 4[7]), and that, until such time, plaintiff could stop sending support payments. (*Id.* at ¶ 4[12].) Defendant Jane Doe insisted that he could not file his petition in Queens County Family Court even after the plaintiff informed her that "his baby's mother filed papers in another court listing a College Point address." (*Id.* at ¶ 4[7].)

In October 2000, after receiving a notice indicating that plaintiff's support payments were in arrears, plaintiff again attempted to file a petition in the Queens County Family Court, this time seeking to modify an order of support. (Vacarella Dep. 56:10–24.) Defendant Jane Doe, once again, allegedly refused to provide plaintiff with the necessary petition forms indicating that the petition needed to be filed in the "county where the mother lives." (Vacarella Dep. 55:2–15; 61:6–12.) Ultimately, by order dated April 2, 2004, a support magistrate of the Kings County Family Court permanently suspended the original order of support based on Ms. Bulzone's failure to appear in that

court.[2]

## Discussion

**Standard of Review**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)). However, the nonmoving party "may not rest upon mere conclusory allegations or denials, but must bring forward some affirmative indication that his version of relevant events is not fanciful." *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101 (2d Cir. 1997) (internal quotation marks omitted). Furthermore, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48.

**Failure to Serve**

When a plaintiff proceeds *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties." 28 U.S.C. § 1915(c); *see also* Fed. R. Civ. P. 4(c)(2) ("the court may direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. §

---

[2] The court takes judicial notice of the Kings County Family Court Order Suspending an Order of Support by Default. (Docket Entry no. 101.) FED. R. EVID. 201.

1915"). If a pro se plaintiff proceeding *in forma pauperis* provides the information necessary to identify a defendant, the Marshals' failure to effect service may result in the court's extending the normal 120 day time limit in which a plaintiff must serve a summons and complaint on a defendant. *See* Fed. R. Civ. P. 4(m). *See Kavazanjian v. Rice,* No. 03-CV-1923, 2005 WL 1377946, at *2 (E.D.N.Y. Jun. 6, 2005) (citing cases).

Here, the record shows that plaintiff described defendant Jane Doe as "an African-American female (light to medium complexion), approximately 5'6" tall, approximately 120 lbs., and approximately 26-33 years old." (Am. Compl. ¶ 2.) At the time of Judge Amon's order dated March 3, 2004, plaintiff had not yet described defendant Jane Doe specifically enough to allow her to be served with the summons and complaint. Judge Amon directed the Magistrate Judge to aid plaintiff in "ascertaining Jane Doe's identity and effecting service." On the basis of the description in the amended complaint and pursuant to the Judge's order, defense counsel procured the photographs of "all the female court clerks in Queens Family Court who worked there in both 1996 and 2000. Primarily, the array consisted of photographs of non-white females." (Timon Aff. ¶ 16.) These thirty-four numbered photos were shown to the plaintiff who, in his own handwriting, recorded his impressions and comments on a separate sheet of paper. (Timon Aff. ¶ 17; Ex. E.) Plaintiff was unable to positively identify a single candidate as defendant Jane Doe. (Timon Aff. ¶ 17; James Aff. ¶12.) Instead, plaintiff identified two females as closest in appearance to defendant noting that "9 looks the closest." (Timon Aff. Ex. E.) In his Memorandum of Law, plaintiff now contends that the woman depicted in photo number 34 "appeared to me to be Jane Doe because of her complexion and features (mouth). Contrary to the defendant's attorney's contention, the paper I signed in which I noted a problem was not a complete summary of my concerns." (Docket Entry

4

no. 94 at 9.) Plaintiff's most recent assertions establish plaintiff's uncertainty about defendant Jane Doe's identity. It is clear, then, that the responsibility for the failed service lies with the plaintiff, *cf. Ruddock v. Reno*, 104 Fed. Appx. 204, 206–207 (2d Cir. 2004), and any further extensions of time would be futile. Therefore, this claim is dismissed for plaintiff's failure to timely serve the summons and complaint pursuant to Fed. R. Civ. P. 4.

In any event, plaintiff's claim is without merit. Plaintiff alleges that defendant violated his constitutional right of access to the courts by refusing to provide him with blank petition forms. In response, defendant argues that Vacarella has failed to state a claim for denial of access to the courts under 42 U.S.C. § 1983 because he has not pled an actual injury. The court agrees with defendant.

"It is well established that all persons enjoy a constitutional right of access to the courts." *Monsky v. Moraghan*, 127 F.3d 243, 246 (2d Cir. 1997). "In order to establish such a claim, a plaintiff must show that the defendant was responsible for actions that actually injured the plaintiff's efforts to pursue a claim." *Csoka v. County of Suffolk*, 85 F. Supp. 2d 117, 120 (E.D.N.Y. 2000) (*citing Monsky*, 127 F3d at 247)).

In the instant case, plaintiff asserts that when he attempted to file petitions on two separate occasions, defendant Jane Doe refused to provide him with the necessary forms. The simple fact that defendant did not provide plaintiff with family court petition forms, without more, does not implicate a constitutional right of access to the courts. Despite defendant's refusals, plaintiff was able to effectively vindicate his rights and was granted judicial relief as evinced by the Kings County Family Court Order dated April 2, 2004 permanently suspending the order of support that plaintiff sought to modify. (Docket entry no. 101.) Because a claim of denial of access to the courts requires that a plaintiff "suffer[] some actual concrete injury" *Lewis v. Casey*, 518 U.S. 343, 350, 116 S. Ct.

5

2174 (1996), in other words, a "lost remedy," *Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002), Vacarella has failed to state a claim for denial of access to the courts.

Plaintiff nevertheless argues that being "characterized a 'deadbeat dad' owing 'arrears' . . . overpayment of an account of support by $8,000, delay of New Jersey granting him a license to practice law, nightmares and physical problems . . . maybe never seeing [my] daughter unless she makes contact" constitute actual injuries sufficient to establish a claim. (Pl.'s Resp. 21.)

However, as noted, the "overpayment to an account of support" was remedied by the Kings County Family Court Order. Thus, plaintiff has failed to establish that the overpayment is an actual injury. Concerning his license to practice law and his inability to see his daughter, plaintiff offers no admissible evidence that establishes that defendant's refusal to provide blank petition forms caused the State of New Jersey to delay granting the plaintiff a license to practice law. He likewise fails to proffer any admissible evidence to establish the necessary causal connection between defendant's actions and his inability to see his daughter. Indeed, the record shows that plaintiff's attempts to modify the order of visitation were stymied, not by defendant Jane Doe, but by Ms. Bulzone who "was playing around [with] her addresses." (Vacarella dep. 64:5–6.) With respect to plaintiff's claims that defendant's actions caused him to suffer emotional and physical distress, these are "consequential damages components of a section 1983 claim in which actual injury to court access was sufficiently alleged," but, by themselves, are not the types of actual injury that give rise to a constitutional claim of denial of access to the courts. *Monsky v. Moraghan*, 127 F.3d at 247.

Finally, defendant, an intake clerk, was simply complying with Judge Berman's March 14, 1996 order dismissing plaintiff's application to the Queens County Family Court on jurisdictional

6

grounds. By attacking the intake clerk's refusal to provide the petition forms, Vacarella is attacking the validity of Judge Berman's Order–"a judgment that this Court is prohibited from reviewing under the Rooker-Feldman doctrine." *Csoka v. County of Suffolk*, 85 F. Supp. 2d 117, 121 (E.D.N.Y. 2000) (*citing District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197 (2d Cir. 1996)).

## Conclusion

Plaintiff has failed to serve defendant Jane Doe with the summons and complaint pursuant to Fed. R. Civ. P. 4 and has failed to show an actual injury establishing a denial of his constitutional right of access to the courts under 42 U.S.C. § 1983. Accordingly, defendant's motion for summary judgment is granted.


SO ORDERED

DATED:    Brooklyn, New York
            July 25, 2005

                                         _____/s/_____
                                                DORA L. IRIZARRY
                                             United States District Judge